**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Rolanda Murphy<br><br>      Plaintiff<br><br>      v.<br>Eddie Gonzalez Alvez; Uber Puerto Rico, LLC; Uber Technologies, Inc.; A insurance Company ; B Insurance Company; Z Company<br><br>      Defendants | Civil no.<br><br>Plaintiff Demands Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, Rolanda Murphy, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff, Rolanda Murphy, is of legal age, single and domiciled in the State of Florida.

2. By information and/or belief, Co Defendant, Eddie Gonzalez Alvez, (hereinafter "Gonzalez") is of legal age, single and domiciled in San Juan, Puerto Rico.

1

3. At the time of the events and accident described in this complaint, Mr. Gonzalez, was the owner of a 2019 Toyota Highlander vehicle, license plate JFW225, that he used for commercial purposes for his own benefit and that of the Uber defendants mentioned below, to make money transporting passengers for profit.

4. By information and belief, Uber Puerto Rico, LLC is a limited liability company organized under the laws of the Commonwealth of Puerto Rico and with principal place of business located in Puerto Rico whose sole member is Uber Technologies, Inc, a publicly traded corporation organized under the laws of the State of Delaware, with principal place of business located in San Francisco, California.

5. Uber Puerto Rico, LLC and Uber Technologies, Inc., collectively referred as "UBER", are providers of ride-hailing services via the use technology and independent contractors like co defendant, Mr. Gonzalez.

6. By information and/or belief, "A Insurance Company" is a duly registered insurance company, registered in the Commonwealth of Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for negligence of Mr. Gonzalez as

owner and operator of a 2019 Toyota Highlander license plate JFW 225, for accidents as described in this complaint.

7. "B Insurance Company" is the fictitious name used to denominate an insurance company, registered outside of the Commonwealth of Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for negligence of Uber and Mr. Gonzalez while Mr. Gonzalez was conducting transportation services for the benefit of Mr. Gonzalez and/or Uber, as described in this complaint.

8. Z Company is the fictitious name used to denominate another Puerto Rico registered corporate entity that also conducts business for the benefit of Mr. Gonzalez and the Uber defendants that may also be liable to Ms. Murphy for the accident suffered by Ms. Murphy as described in this complaint. Once the company is properly identified, the complaint may be amended in order to properly name this additional defendant.

## II. JURISDICTION

7. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section*

*1332 (a) (1) b*ecause this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue if this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

### III. TOLLING OF THE STATUTE OF LIMITATIONS

9. The accident that gives origin to the present case occurred on March 10, 2023, at the Luis Munoz Marin International Airport, Carolina, Puerto Rico, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the complaint, the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico.

### IV. THE FACTS AND THE DAMAGES

10. Plaintiff, around 2PM contacted UBER via a technology application to request transportation services for her and a companion, from Luis Munoz Marin International Airport to Condado, San Juan, Puerto Rico.

11. The UBER contracted services were delegated and assigned by UBER to be carried out by Mr. Gonzalez.

12. Mr. Gonzalez arrived with his Toyota Highland vehicle described in this complaint, made contact with the plaintiff and proceeded to board companion and plaintiff into his vehicle.

13. Before Ms. Murphy was able to board Mr. Gonzalez's vehicle, Mr. Gonzalez proceeded to drive his vehicle running over the right foot of Ms. Murphy, causing life changing damages to her and great pain and anguish.

14. After the accident, Ms Murphy reported the accident to UBER.

15. She received medical treatment upon her return to Florida.

16. Due to this accident, Ms. Murphy has been subject to a number of treatments and therapies. Said accident caused her to suffer anguish, moral damages, physical damages and residual pain that still affects her to this date.

17. She was diagnosed as suffering from a Lisfranc Injury crush injury and damages to her right foot as a result of this accident.

18. She has had to endure a prolonged period of recovery, to include a very painful recovery period, medications, the wearing of a special boot, and therapies. Because of the accident, she has a permanent impairment.

19. The value of all her damages for injuries, past, present and future pain, suffering and mental anguish and her permanent injuries and impairment as a result of the injury to her right foot is estimated in a sum in excess of **FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00)**

20. As a result of the accident, Ms. Murphy also incurred and will have to incur unwanted expenses, estimated in a sum in excess of **TEN THOUSAND DOLLARS ($10,000),** a sum that is also owed to the plaintiff by the defendants.

## V. LIABILITY

25. The accident resulting in the serious, severe and permanent damages to Ms. Murphy was caused by the exclusive fault and negligence of Mr. Gonzalez while operating his motor vehicle for his economic benefit and that of the UBER defendants.

26. Mr. Gonzalez was careless in driving his vehicle which resulted in all damages suffered by Ms. Murphy. He should have never moved a vehicle until all passengers were properly seated and secured.

27. The UBER defendants are also responsible, since they contracted the services of Mr. Gonzalez in order to provide

driving services that resulted in an economic benefit to them.

28. The UBER defendants should had ensured that in their selection of a contractor process, they contracted drivers who were aware of basic safety precautions prior to operating a vehicle and/or ensured that they were properly trained not to move vehicles until all passengers were safely inside the vehicle and secured. Yet, they failed to act.

29. Thus all defendants are responsible to Ms. Murphy for the accident and the life changing consequences of the same.

30. All the defendants are thus responsible for all of the damages suffered by Ms. Murphy due to their fault and/or combined negligence.

31. Pursuant to the Civil Code of Puerto Rico of 2020, and in particular Article 1536 and other civil code dispositions, all defendants, to include the insurance company defendants are jointly and severally liable for the damages claimed herein as a result of the accident described in this complaint.

32. Plaintiff demands trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of March, 2023.

**RIVERA-ASPINALL, GARRIGA
& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506